**SOUTHERN TRANSP. CO. v. UNITED STATES.**

**THE WILLIAM T. ROSSELL.**

District Court, E. D. New York. January 20, 1927.

Admiralty ⬩34—Libel against United States, filed 16½ months after passage of Public Vessel Act of 1925, held not barred by one-year limitation (Comp. St. § 1251¼d and §§ 1251¾1-1251¾10).

Libel against United States, filed 16½ months after passage of Public Vessel Act 1925 (Comp. St. §§ 1251¾1-1251¾10), held not barred by one-year statute of limitations, since Act March 9, 1920, § 5 (Comp. St. § 1251¼d), providing limitation, was not incorporated by reference in said Public Vessel Act.

Libel by the Southern Transportation Company, as owner of barge Searsport, against the United States, as owner of the United States army dredge William T. Rossell. On exceptions. Exceptions overruled.

Bigham, Englar & Jones, of New York City, for libelant.

William A. De Groot, U. S. Atty., of Brooklyn, N. Y.

MOSCOWITZ, District Judge. This is a hearing on exceptions to the libel filed on July 26, 1926, by the Southern Transportation Company as owner of the barge Searsport for a collision which occurred on February 9, 1925, between said barge and the United States army dredge William T. Rossell. The libel is instituted pursuant to authority contained in the Public Act, No. 546, approved March 3, 1925 (Comp. St. §§ 1251¾1-1251¾10).

The United States appeared specially, excepting to the libel on the grounds that it was not filed within the period prescribed by the statute. The pertinent provisions of the Act of March 3, 1925, are as follows:

"Be it enacted by the Senate and the House of Representatives of the United States of America in Congress assembled, that a libel in personam in admiralty may be brought against the United States, or a petition impleading the United States, for damages caused by a public vessel of the United States, and for compensation for towage and salvage services, including contract salvage, rendered to a public vessel of the United States; Provided, that the cause of action arose after the 6th day of April, 1920.

"Sec. 2. * * * Such suits shall be subject to and proceed in accordance with the provisions of an act entitled 'An act authorizing suits against the United States in admiralty, suits for salvage services, and providing for the release of merchant vessels belonging to the United States from arrest and attachment in foreign jurisdictions, and for other purposes,' approved March 9, 1920, or any amendment thereof, in so far as the same are not inconsistent herewith, except that no interest shall be allowed on any claim up to the time of the

rendition of judgment unless upon a contract expressly stipulating for the payment of interest."

Comp. St. §§ 1251¾1, 1251¾2.

Section 5 of said Act approved March 9, 1920 (Comp. St. 1251¼d), provides as follows:

"That suits as herein authorized may be brought only on causes of action arising since April 6, 1917, provided that suits based on causes of action arising prior to the taking effect of this act shall be brought within one year after this act goes into effect, and all other suits hereunder shall be brought within two years after the cause of action arises."

The government contends that the libel filed 16½ months after the passage of the act of 1925 was barred by the one-year statute of limitations. The question is whether section 5 of the Act of March 9, 1920, is incorporated by reference in the Public Vessel Act of 1925. It is apparent at the outset that the first part of section 5 of the Act of March 9, 1920, can have no application to a suit brought under the Act of March 3, 1925. Section 5 of the 1920 act begins as follows: "That suits as herein authorized may be brought only on causes of action arising since April 6, 1917."

The Act of March 3, 1925, states: "Provided, that the cause of action arose after the 6th day of April, 1920."

Section 5 of the act of 1920 continues: "Provided that suits based on causes of action arising prior to the taking effect of this act shall be brought within one year after this act goes into effect."

The government claims section 5 should read: "Provided that suits based on causes of action arising prior to the taking effect of the Public Vessels Act of March 3, 1925, shall be brought within one year after the Public Vessels Act of March 3, 1925, goes into effect.

To give the section such an interpretation would be extending by construction a statute of limitations which should only be applied to causes clearly within its provisions.

A history of the passage of the Act of March 3, 1925, showed that Congress did not intend to adopt such a strict statute of limitations. Bill No. H. R. 6989, which was the bill for which the Act of March 3, 1925, was substituted, sets forth in section 1 the specific time suits should be brought under this bill. However, the limitation period in which suits could be brought

was omitted in the Act of March 3, 1925. The omission seems significant that Congress did not wish to impose such a strict limitation.

Exceptions to the libel are overruled.